# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 30, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PETER D'AMOUR,**
**Claimant Below, Petitioner**

**vs.)    No. 18-0677** (BOR Appeal No. 2052451)
                    (Claim No. 2015032060)

**COMBINED INS CO. OF AMERICA AT,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Peter D'Amour, by Lawrence E. Sherman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Combined Insurance Co. of America AT, by Jane Ann Pancake, its attorney, filed a timely response.

The issue on appeal is additional compensable conditions. The claims administrator held the claim compensable for open wound of the left wrist and denied the addition of concussion, neck strain, post-concussion syndrome, headache, fatigue, and post-traumatic brain injury to the claim on July 27, 2015. The Office of Judges modified the decision in its January 4, 2018, Order and also held the claim compensable for adjustment disorder with anxious mood. The Order was affirmed by the Board of Review on June 29, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. D'Amour, a salesman, was injured in the course of his employment on May 29, 2015, when he knocked on a door and was attacked by four dogs. The Employee's and Physician's Report of Injury indicates Mr. D'Amour injured his left wrist when he knocked on a door and was attacked by four dogs and one of them bit him. The diagnosis was listed as open wound of the wrist.

1

A May 29, 2015, treatment note from War Memorial Hospital indicates Mr. D'Amour had a small puncture wound to his left wrist after being bitten by a dog. He reported that he knocked on a door when four dogs burst out and attacked him. One of the dogs bit his wrist and Mr. D'Amour fell backward out of the gate and hit his head on the sidewalk. He was diagnosed with dog bite of the left wrist and sent home. A CT scan was performed on June 3, 2015, for a history of concussion, headache, and concussion symptoms status post fall. There were no abnormalities detected.

In a July 20, 2015, letter, John Veltman, M.D., stated that he was deferring any issues related to post-traumatic brain injury to Mark Landrio, M.D. Dr. Veltman felt that Dr. Landrio had a better understanding of post-traumatic brain injuries and would be more beneficial to Mr. D'Amour. The claims administrator held the claim compensable for open wound of the left wrist and denied the addition of concussion, neck strain, post-concussion syndrome, headache, fatigue, and post-traumatic brain injury to the claim on July 27, 2015.

A July 28, 2015, treatment note by Stacy Konya, FNP-C, with Dr. Landrio's office, indicates Mr. D'Amour hit his head when he tripped over a gate after being attacked by dogs. His head was not bothering him at the emergency room that day but when he left it took him two hours to get home. He lives thirty minutes from the hospital and could not recall why it took him so long to get home. Mr. D'Amour developed a headache in the back of his head. He reported that he has mild dizziness and light sensitivity when he gets headaches. Mr. D'Amour reported that he has difficulty with short term memory, focusing, and concentrating. The diagnosis was post-concussion syndrome. On July 30, 2015, Dr. Landrio performed an EEG which was normal. A brain MRI taken on August 6, 2015, showed abnormal white matter signal in the left front parietal region, which could be normal for Mr. D'Amour's age. There was no evidence of acute injury or hemorrhage and no other significant findings. Mr. D'Amour was released to return to work by Dr. Landrio's office on September 14, 2015.

Jeffrey Wilken, Ph.D., performed a neuropsychological evaluation on November 3, 2015, in which he found that Mr. D'Amour had difficulty learning new verbal information. His visual learning was also poor. Dr. Wilken stated that Mr. D'Amour's post-concussive symptoms needed to be reduced. Mr. D'Amour reported depression and anxiety as well. He stated that his post-concussive symptoms were effecting his job performance. Dr. Wilken found that Mr. D'Amour's cognitive problems appeared to be the result of the concussion he sustained on May 29, 2015, though he recommended follow up to rule out other conditions. He also recommended counseling with a focus on stress management, anxiety reduction, and coping skills. He strongly advised that Mr. D'Amour undergo cognitive rehabilitation therapy. He also recommended that he take a short leave of absence from work or reduce his hours for a short time.

On January 7, 2016, Mr. D'Amour testified in a hearing before the Office of Judges that there were two witnesses to his head injury, Jason Miller and the homeowner, Larry Payne. Mr. D'Amour stated that he drove home from the hospital and did not arrive home until approximately two and a half hours later. He could not remember why it took him so long to get home. The next morning, he went to an appointment and again lost time on the way home. Mr. D'Amour asserted that he had short term memory loss, daily headaches, confusion, and irritability. He also had a

headache that lasted for two months until he was prescribed Nortriptyline, which finally cured the headache. Mr. D'Amour testified that he was also suffering from depression since he could not work. He was released to return to work, was hired for a new company, and was fired because he was unable to do the work. He stated that he still suffers from depression, confusion, and difficulty recalling words but he no longer has headaches.

In a February 4, 2016, neuropsychiatric forensic evaluation, Bobby Miller, M.D., diagnosed adjustment disorder with anxious mood, personality disorder, and symptom exaggeration. Dr. Miller opined that Mr. D'Amour may have met the criteria for a cognitive disorder in the past but he no longer displays those symptoms. He stated that he agrees with Dr. Landrio's assessment and does not think the headaches are due to a traumatic brain injury. Mr. D'Amour had reached maximum medical improvement.

In a September 30, 2016, independent medical evaluation, Alex Ambroz, M.D., diagnosed post-concussion syndrome and major depression. He concluded that Mr. D'Amour has ongoing, chronic problems following the head injury on May 29, 2015. He found that prior to the injury, Mr. D'Amour was fully capable of doing his job and had no psychiatric conditions. As a result of the compensable injury, Dr. Ambroz opined that Mr. D'Amour was disabled. He still had chronic symptoms and was unable to work. Dr. Ambroz assessed 15% impairment.

On October 3, 2016, Ahmed Faheem, M.D., performed a psychological evaluation in which he diagnosed adjustment disorder with depressed mood and anxiety and post-concussion syndrome. He noted that a psychiatric exam was performed by Crystal Whittington, M.A. Dr. Faheem stated that Mr. D'Amour obviously has some cognitive changes and neurological impairment as well as lingering residual symptoms. He has been unable to return to work. He stated that he did not believe that Mr. D'Amour had a personality disorder and that his personality changes are related to his traumatic brain injury. He disagreed with Dr. Miller's neuropsychiatric forensic evaluation. Ms. Whittington stated in her report that Mr. D'Amour's testing was "essentially valid" but noted that he had some exaggeration. Ms. Whittington stated that the testing showed some impairment but was overall average for his age and education. Mr. D'Amour reported difficulty with everyday functioning, but Ms. Whittington concluded that it was likely the result of depression.

An October 26, 2016, treatment note by Dr. Ambroz indicates Mr. D'Amour returned to work. The assessments were post-concussion syndrome and depression. Dr. Wilken testified in a deposition on November 16, 2016, that he evaluated Mr. D'Amour and found that he had problems with hand-eye speed, getting out words quickly, and solving problems in his head. He opined that Mr. D'Amour suffered from post-concussive syndrome and stated that recovery is expected in twelve to eighteen months.

In a January 23, 2017, addendum to his report, Dr. Miller disagreed with the opinions of Drs. Ambroz and Faheem regarding Mr. D'Amour having sustained a brain injury. He agreed with the diagnosis of adjustment disorder. Dr. Miller found that Mr. D'Amour was not a valid reporter of his symptoms and that his symptoms were not consistent with a mild brain injury. He noted that

Mr. D'Amour's symptom magnification made it difficult to obtain valid test results. Dr. Miller opined that the current array of symptoms are better explained as psychologically based.

The Office of Judges modified the claims administrator's decision to include adjustment disorder with anxious mood as a compensable condition of the claim in its January 4, 2018, Order. It concluded that the reports from Dr. Miller, along with his analysis of the evidence both before and after the compensable injury, were the most persuasive evidence of record. In his addendum, Dr. Miller diagnosed adjustment disorder with anxious mood and noncompensable personality disorder. Dr. Miller stated that Dr. Ambroz failed to perform any neuropsychological testing, psychological testing, or tests for malingering. Dr. Miller opined that Dr. Ambroz discounted or ignored valid data that did not agree with his diagnosis.

Regarding Dr. Faheem's evaluation, Dr. Miller stated that Ms. Whittington, a psychologist, performed the tests for Dr. Faheem. Ms. Whittington found that Mr. D'Amour's tests showed some impairment but that he was overall average for his age. Ms. Whittington also opined that the difficulty Mr. D'Amour experiences with everyday functioning is likely a result of depression. Dr. Miller opined that Dr. Faheem ignored this data and did not perform his own full neuropsychiatric testing. He also failed to use the typical instruments to detect malingering. Dr. Miller opined that Dr. Faheem left out known neuropsychiatric data that objectively indicated Mr. D'Amour was cognitively intact. He stated that Dr. Faheem failed to include his own psychological data when it was in conflict with his opinion. Dr. Miller further stated that despite known evidence that Mr. D'Amour is not a valid reporter of his symptoms, Dr. Faheem diagnosed residuals from an unsubstantiated head injury.

The Office of Judges found Dr. Miller concluded that Mr. D'Amour is not a valid reporter of his symptoms, his complaints are not consistent with the injury history, and he is willing to fabricate and exaggerate symptoms. Dr. Miller found that during his February 4, 2016, independent medical evaluation, Mr. D'Amour produced normal neuropsychological test results. He further found that malingering was noted by other examiners, and Dr. Miller stated that Mr. D'Amour's current symptoms are better explained as psychologically based. The Office of Judges concluded that Dr. Miller's reports provided the most accurate and reliable assessment of the compensable conditions. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 29, 2018.

After review, we find that the Board of Review's decision is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning, and conclusions, there is insufficient evidence to support its decision. Several physicians of record have diagnosed Mr. D'Amour with post-concussive syndrome. He reported to the emergency room on the day of the injury that he struck his head on the sidewalk. Drs. Landrio, Wilkin, Ambroz, and Faheem all found that Mr. D'Amour sustained a head injury and now suffers from post-concussive syndrome. Dr. Miller was the only physician of record to find that he did not suffer from post-concussive syndrome, and his reports are not supported by the remainder of the medical evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning, and conclusions, there is insufficient evidence to support its decision. We therefore affirm the Board of Review's decision insofar as it held the claim compensable for adjustment disorder with anxious mood. We reverse the decision insofar as it denied the addition of concussion and post-concussion syndrome to the claim and remand with instructions to hold the claim compensable for those conditions.

Affirmed, in part, and reversed and remanded, in part.

**ISSUED: May 30, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison